THE STATE OF OHIO, APPELLEE, *v.* KENNARD, APPELLANT.

(No. 1118—Decided October 13, 1961.)

*Mr. Robert O. Stout*, prosecuting attorney, for appellee.
*Mr. Roy Warren Roof*, for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of conviction and sentence pursuant to an indictment charging the defendant, appellant herein, with the crime of second degree manslaughter. The charge arose from an intersection collision in Marion County between an automobile driven

by defendant in a westerly direction on a county road and an automobile in which the decedent was riding in a northerly direction on a state highway. The evidence is undisputed that a stop sign was located on the county road at the east edge of the right-of-way of the state highway. The evidence is conflicting as to whether the defendant stopped before proceeding into the intersection and is conflicting as to whether the automobile in which decedent was riding was being driven at an excessive rate of speed.

The defendant assigns error in nine particulars, each of which we have examined and considered, and each of which, except the fifth assignment of error, we determine to be without merit except as it might also relate to the fifth assignment of error.

In her fifth assignment of error defendant claims that the trial court committed error in its charge of law to the jury.

We have carefully read and examined the charge of the trial court to the jury. The trial court charged the jury as follows:

"Therefore, you will consider the relative positions of the two motor vehicles operated respectively by the defendant and the driver of the car in which decedent was riding as they approached and entered said intersection, taking note of their rate of speed and any and all other facts and circumstances shown by the evidence adduced in this case and determine whether or not the right-of-way claimed in favor of the motor vehicle operated by the *defendant*, that is the preferential right to proceed uninterruptedly into and through said intersection, in fact existed at said time and place, or whether such preferential right was lost to the vehicle operated by *defendant*, under all the evidence adduced in this case." (Emphasis added.)

It is obvious from the facts of this case that in the quoted paragraph of the charge the first emphasized reference to "defendant" should have read decedent's driver, or equivalent words. Such reference to the defendant was an erroneous reference and would have permitted the jury to speculate as to an issue which did not exist in this case.

Following this erroneous paragraph the trial court then proceeded to summarize the findings necessary to be made in order to convict the defendant. The summary was as follows:

"In order to convice [*sic*] the defendant, Ruth E. Kennard, of the crime of manslaughter, the state must establish by the evidence beyond a reasonable doubt these essential facts charged in the indictment; first, that Olla G. Cruzy, named in the indictment, was unlawfully and unintentionally killed by the defendant, Ruth E. Kennard. Second: that said defendant Ruth E. Kennard, was violating the traffic law or laws of the state of Ohio as charged and that the death resulted from said violation, in this, that defendant Ruth E. Kennard being the driver of a 1957 GMC truck, stated in the indictment, and operating said vehicle westwardly on County Road No. 45, at its intersection with Ohio State Highway No. 37, failed to stop said vehicle and/or *fail to yield the right-of-way to the automobile in which the decedent was riding* north on Ohio State Route 37. The violation of either or both of these statutory requirements should you so find, is sufficient to fulfill this requirement. Third: the state must also prove that the violation of the traffic law, one or both, charged in the indictment, by the defendant was the proximate cause of the accident and the resulting death of Olla G. Cruzy. Fourth: the state must prove that the killing of Olla G. Cruzy occurred on or about the date alleged in the indictment, June 18th, 1960. Fifth: that the crime if any was committed within the county of Marion in the state of Ohio." (Emphasis added.)

The second item of the summary in its reference to the defendant's failing to yield the right-of-way to the automobile in which the decedent was riding presupposes that the automobile in which decedent was riding had and continued to have the preferential right-of-way at the time of the collision. In view of the conflicting evidence as to the speed at which the automobile in which decedent was riding was being driven at the time of the collision the court could not, as a matter of law, determine that the speed was not excessive. The court's summary, which presupposed that the automobile in which decedent was riding had the right-of-way, took the issue of decedent's right-of-way away from the jury and constituted an error of commission.

The court also charged the jury as follows:

"Whether the son and driver of the automobile in which the decedent was riding was negligent or not, that is whether he was or was not violating the speed statute, in the operation of

the automobile in which decedent was riding, is for your consideration, not that it may bar a prosecution against this defendant, but it is for your consideration and evaluation of whether the violation, if any, by the defendant of one or both of the statutory requirements charged, was or was not the proximate cause of the death.''

Pursuant to this charge the jury would have been permitted to determine that the issue of whether decedent's driver was violating the speed statute had bearing only with respect to whether defendant's conduct proximately caused the death of the decedent. In so limiting the scope of the jury's consideration of such speed, the court again led the jury into the position where it could ignore the evidence as to excessive speed as it might bear on the question of the preferential right-of-way of the automobile in which decedent was riding.

Had the jury concluded on the evidence that the defendant had made a proper stop before entering the intersection and that the decedent's driver's speed was excessive and thus lost to him the preferential right-of-way, it would follow from such conclusions that defendant would not have been guilty of any unlawful conduct, and although the excessive speed, if any, would not ''bar a prosecution against this defendant,'' it would under such circumstances be a bar to the conviction of defendant.

Minor and technical errors in a general charge to the jury may often be ignored if the charge when considered in its entirety constitutes a fair and impartial charge which is neither confusing nor misleading. However, if we should consider each or any of these errors as technical errors and proceed to examine the charge in its entirety, we come face to face with the remaining errors. Considering the charge in its entirety the cumulative effect of these errors, whether technical or not, is such as to result in a confusing and misleading charge which we find and determine was prejudicial to the rights of the defendant.

By reason of the prejudicial error of the trial court, the judgment of the trial court must be, and hereby is, reversed and the cause is remanded thereto for new trial and further proceedings as provided by law.

*Judgment reversed.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.